# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SANDRA ANN THOMPSON, Defendant. | No. CR 03-0090-LRR<br><br>**ORDER** |

The matter before the court is Defendant Sandra Ann Thompson's Motion to Reconsider Sentence (the "Motion") (docket no. 48).

On November 25, 2003, the court accepted Defendant's pleas of guilty to a two-count Indictment alleging violations of the federal Controlled Substances Act, 21 U.S.C. § 801 *et seq*. On May 20, 2004, the court sentenced Defendant to an imprisonment term of 97 months, to be followed by 2 years of supervised release. The court also ordered Defendant to pay a $200 special assessment. Defendant did not file a direct appeal. On December 9, 2004, the Clerk of Court received Defendant's timely petition filed pursuant to 28 U.S.C. § 2255 ("§ 2255") challenging her sentence. On May 4, 2005, the court ordered Defendant was entitled to no relief under § 2255.

On May 31, 2005, Defendant filed the Motion under consideration here. In her Motion, Defendant moves the court to reconsider her sentence in light of the United States Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). On June 6, 2005, the government filed a resistance to Defendant's Motion. The government moves the court to deny Defendant's Motion. The government contends: (1) Defendant cites no procedural

authority permitting the court to reconsider her sentence; and (2) the rule announced in *Booker* cannot apply to Defendant as she raises it in the first instance in a collateral attack of her sentence.

As stated by the government, Defendant fails to cite a legal authority that would authorize the court to reconsider her sentence. The court does not consider Defendant's Motion second or successive pursuant to § 2255, as she neither sought advance authorization of the United States Court of Appeals for the Eighth Circuit to file such Motion, nor does she allege her sentence is illegal. Section 2255 provides that a defendant may only file a second or successive motion pursuant to § 2255 with the advance authorization of a United States court of appeals. *Id*. § 2255 para. 8; *see also* 28 U.S.C. § 2244(b)(3). The court declines to construe the Motion as a petition pursuant to § 2255.

A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. *United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000) (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed [except under specified circumstances.]'") (alteration reflects statute's language)); *accord United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (holding that, because "federal courts are not courts of general jurisdiction," the district court lacked jurisdiction to resentence a criminal defendant unless authorized to do so "by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto") (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Subsection (b) of 18 U.S.C. § 3582 limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the court can modify a judgment (i) upon a motion of the Director of the Bureau of Prisons ("DBOP") for statutorily-specified reasons, (ii) upon the motion of the government for substantial assistance, or (iii) upon a motion of the defendant

or the DBOP, or upon the court's own motion, because of a subsequent lowering of the of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); *see also* Fed. R. Civ. P. 35(b). Second, the court can correct a judgment as permitted (i) upon a motion to correct clear error or (ii) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; *see also* Fed. R. Civ. P. 35(a). Third, the court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's Motion does not allege any of these three circumstances applies.[1]

Construing Defendant's Motion liberally, as the court must,[2] the court finds it has no jurisdiction to grant her Motion. The court **DENIES** Defendant Sandra Ann Thompson's Motion to Reconsider Sentence (the "Motion") (docket no. 48).

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2005.

Copies mailed on: 07.14.05 mem
to counsel of record or pro se parties as shown on docket and other parties listed here:

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] It is unnecessary for the court to determine the impact of the Supreme Court's holding in *Booker*, ___ U.S. at ___, 125 S. Ct. at 764, severing and excising subsection (e) of 18 U.S.C. § 3742 in applying subsections (2) and (3) of 18 U.S.C. § 3582(b), because Defendant did not file a direct appeal of this matter.

[2] The court is cognizant that Defendant made this filing without the assistance of counsel. Such filings are to be liberally construed and held to a less stringent standard than filings drafted by a lawyer. *Taylor v. Dickel*, 293 F.3d 427, 432 (8th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).